**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| John Edward McKnight<br>　　　　　　　Debtor | CHAPTER 13 |
| NewRez LLC d/b/a Shellpoint Mortgage Servicing<br>　　　　　　　Movant<br>vs. | NO. 18-16078 JKF |
| John Edward McKnight<br>　　　　　　　Debtor | 11 U.S.C. Section 362 |
| Scott F. Waterman, Esquire<br>　　　　　　　Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$9,203.16,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | March 2019 to October 2019 at $1,021.52/month |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$9,203.16** |

2. The Debtor shall cure said arrearages in the following manner:

　　a). On or before March 15, 2020, the Debtor shall pay the full post-petition arrears in the amount of **$9,203.16**;

3. Beginning with the payment due November 1, 2019 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $1,021.52 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default

with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: October 23, 2019            By: /s/ Rebecca A. Solarz, Esquire
                                  Attorney for Movant

Date: November 11, 2019           
                                  John Edward McKnight
                                  Pro Se Debtor

Date: November 13, 2019           /s/ Polly A. Langdon, Esquire, for
                                  Scott F. Waterman, Esquire
                                  Chapter 13 Trustee

Approved by the Court this 14th day of November, 2019. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Jean K. Fitzsimon